UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL M. CARRICK, | ) Case No.: 12-CV-03852-LHK |
| Plaintiff, | ) ORDER GRANTING SECOND |
| v. | ) MOTION TO DISMISS WITHOUT |
| SANTA CRUZ COUNTY, et al. | ) LEAVE TO AMEND |
| Defendants. | ) |

Defendants Santa Cruz County ("the County"), Santa Cruz County Planning Department, Santa Cruz County Planning Director Kathleen Previsich ("the Planning Director"), County Recorder Sean Saldavia ("the County Recorder"), County Counsel Dana McRae ("the County Counsel"), Assistant County Counsel Tamyra Rice, Santa Cruz County Administrative Officer Susan Mauriello, and five members of the Santa Cruz County Board of Supervisors—Neal Coonerty, John Leopold, Ellen Pirie, Greg Caput, and Mark W. Stone (collectively "Defendants") move to dismiss Plaintiff Paul M. Carrick's ("Plaintiff" or "Carrick") Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Carrick, who is *pro se*, opposes the motion. The Court found this motion to be appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b), and vacated the hearing set for May 16, 2013. Having considered the submissions of the parties and the relevant law, and for good cause shown, the Court hereby GRANTS Defendants' Motion to Dismiss with prejudice.

1

Case No.: 12-CV-03852-LHK
ORDER GRANTING SECOND MOTION TO DISMISS WITHOUT LEAVE TO AMEND

I.      BACKGROUND

    A.      Facts[1]

Plaintiff Paul M. Carrick owns property, including residential buildings, located in Santa Cruz County: Assessor Parcel Numbers 106-011-25 and 106-011-58. *See* Second Amended Complaint ("SAC") ¶ 4, at 2, ECF No. 89. On April 13, 2006, the County issued a Notice of Violation ("first NOV") citing Carrick for zoning and building violations of the Santa Cruz County Code. *See* SAC ¶¶ 24-27. The first NOV instructed Carrick to cease construction, vacate illegal structures, and cease collecting rent illegally. *See* SAC ¶ 25. The first NOV also informed Carrick of his right to dispute the violations by meeting with a representative of the Planning Director. *See id.* Carrick disputed the first NOV at a protest meeting with the Planning Director representative, Glenda Hill, on May 11, 2006. *See* SAC ¶ 27. However, Carrick did not prevail in his protest. *See* SAC ¶ 33. Thus, on December 20, 2006, the County recorded the first NOV against Carrick's property. *See* SAC ¶ 34. On September 20, 2006, while Carrick's protest of the first NOV was pending, the County issued a second NOV, this time citing Carrick for grading without a permit. *See* SAC ¶ 32.

On November 28, 2007, almost a year after the County recorded the first NOV, the County filed a complaint against Carrick in the California Superior Court for the County of Santa Cruz seeking civil penalties and an injunction ordering Carrick to vacate or demolish the illegal buildings. *See* RJN, Ex. A. The complaint alleged that Carrick failed to cure the zoning and building violations that were the subject of the first NOV. *See id.* On November 29, 2007, the day

---

[1] The following facts are taken from Carrick's Second Amended Complaint and judicially noticeable documents. All exhibits referenced herein refer to Defendants' Request for Judicial Notice filed in support of their Motion to Dismiss Carrick's First Amended Complaint ("FAC"), on August 15, 2012. *See* Cnty's Req. Jud. Notice Supp. Mot. to Dismiss FAC ("RJN"), ECF No. 65. Defendants' present motion is based on the same exhibits included in their prior request for judicial notice. *See* Mot. at 2. In its Order granting Defendants' first Motion to Dismiss, this Court granted Defendants' request and took judicial notice of all of these exhibits. *See* Order of Nov. 30, 2012 Granting Defs.' Mot. to Dismiss FAC ("November 30, 2012 Order"), ECF No. 88. Accordingly, pursuant to Federal Rule of Evidence 201(b), the Court once again takes judicial notice of these exhibits. However, the Court does not take judicial notice of facts in the public record that are "subject to reasonable dispute." *See Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001) ("When a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (internal quotation marks and citation omitted).

after the County filed its action against Carrick, Carrick filed an Amended Cross-Action Complaint against the County seeking a writ of mandate and declaratory relief from the County's citations. *See* RJN, Ex. B, ECF No. 65-3. The County then filed a demurrer to Carrick's Cross-Complaint, which was overruled-in-part and sustained-in-part. *See* RJN, Ex. C, ECF No. 65-4.

Carrick's surviving causes of action proceeded to trial. *See* RJN, Ex. D, at 2. The Superior Court ruled in favor of the County on all surviving claims. *See id*. Accordingly, on April 9, 2010, the Superior Court entered judgment for the County in its affirmative case, and entered judgment for the County in Carrick's Cross-Action. *See id.* In the April 9, 2010 Judgment on Carrick's and the County's Cross-Actions, the Superior Court ordered Carrick to either demolish the illegal units on his property or to bring the units up to code. *See id*. at 3. The Superior Court also awarded civil penalties and attorney's costs and fees to the County. *See id.* at 4.

Subsequently, Carrick moved to set aside a default judgment against him, which the Superior Court appears to have entered after finding that Carrick declined to respond to discovery in the County's action against him. *See* RJN, Ex. D, at 2, ECF No. 65-5. The Superior Court denied this motion. *See* RJN, Ex. E, ECF No. 65-6.

Carrick then appealed both the Superior Court's refusal to set aside the default and the April 9, 2010 Judgment in favor of the County on Carrick's Cross-Complaint. *See* RJN, Ex. F, ECF No. 65-7. The California Court of Appeal, Sixth Appellate District, upheld the Superior Court's rulings in all respects but one; the Court of Appeal held that the County was not authorized to record an NOV against Carrick's property without a court order. *See id.* In response, the County expunged the first NOV. *See* RJN, Ex. G, ECF No. 65-8. However, on remand, the first NOV was re-recorded ("re-recorded NOV"), this time pursuant to the Superior Court's Order. *See* RJN, Ex. I, ECF No. 65-10.

Having lost the appeal, Carrick filed a motion in the Superior Court to vacate the Superior Court's April 9, 2010 Judgment, which was denied. *See* RJN, Ex. J, ECF No. 65-11. Carrick then appealed the April 9, 2010 Judgment to the California Supreme Court, which declined to hear Carrick's appeal. SAC ¶ 45. Finally, the United States Supreme Court denied Carrick's Petition for a Writ of Certiorari, SAC ¶ 46, at which time the judgment became final.

Carrick did not pay the April 9, 2010 monetary judgments against him. *See* SAC ¶ 49. Accordingly, the County recorded a judgment lien against Carrick's property on April 25, 2012. *See id*. Carrick also failed to comply with the Superior Court's order to demolish or repair the illegal units on his property or, in the alternative, to obtain the required permits, inspections, and approvals to legalize the units. *See* SAC ¶ 49; *see also* RJN, Ex. D, at 3. Accordingly, on April 14, 2012, the County filed a Motion for Contempt. *See id*.

The Superior Court held a contempt hearing on April 25, 2012. *See* SAC ¶ 49. On May 8, 2012, the Superior Court issued an order finding Carrick in contempt for failing to demolish or repair the illegal units. *See* RJN, Ex. K, ECF No. 65-12. The Superior Court ordered that Carrick be jailed until he submitted applications to correct the cited violations to the planning department. *See id*. at 3. However, the Superior Court stayed the sentence until September 26, 2012. *See id.* The Superior Court also found that the County was entitled to an award of attorney's fees and costs related to the contempt proceedings, and entered judgment against Carrick for that amount. *See id.* Carrick did not pay this second monetary judgment. SAC ¶ 49. Accordingly, the County recorded a second judgment lien against Carrick's property on July 11, 2012. *Id*.

### B. Procedural History

Carrick filed the instant action on July 24, 2012, *see* ECF No. 1, which he then amended on July 31, 2012, *see* First Am. Compl. ("FAC"), ECF No. 23. Carrick's amended complaint alleged eight enumerated causes of action: (1) violation of civil rights under 42 U.S.C. § 1983; (2) petition for writ of mandate; (3) petition for administrative mandamus; (4) cancellation of instrument and removal of cloud of title; (5) inverse condemnation; (6) declaratory relief; (7) preliminary and permanent injunction; and (8) land patent protections of property rights. Carrick's 42 U.S.C. § 1983 cause of action asserts two different claims: (1) violation of his civil rights by the County and the County Counsel in seeking the Superior Court contempt charge, for which Carrick sought monetary damages; and (2) violation of his civil rights by the County Recorder for not properly recording a notice of pendency for an action to enforce the judgment liens against Carrick's property. *See id*. Carrick subsequently moved for a preliminary injunction barring enforcement of

the Superior Court contempt charge on August 2, 2012. *See* ECF No. 36; *see also* ECF Nos. 80, 81, 82, 83. Defendants filed a motion to dismiss on August 15, 2012. *See* ECF No. 63.

On November 30, 2012, this Court issued an order denying Carrick's motion for a preliminary injunction and granting Defendants' motion to dismiss. *See* Order of Nov. 30, 2012 Granting Defs.' Mot. to Dismiss FAC ("November 30, 2012 Order"), ECF No. 88. The November 30, 2012 Order granted leave to amend Carrick's claims under 42 U.S. § 1983, but denied leave to amend all other claims. *Id.* The Order explained in detail the deficiencies with Carrick's claims under 42 U.S. § 1983, and expressly advised Carrick that "[f]ailure to cure the deficiencies identified in this Order will result in a dismissal with prejudice." *Id.* at 18. In addition, the Order informed Carrick that he could not "add any new claims or parties without first obtaining leave from the Court or stipulation from Defendants." *Id*.

Carrick filed his Second Amended Complaint on December 20, 2012. *See* ECF No. 89.[2] In his SAC, Carrick raises several new factual allegations, some of which concern Carrick's claims pursuant to 42 U.S.C. § 1983 and some of which do not. *Id.*[3] On January 3, 2013, Defendants filed a second motion to dismiss. *See* Defs.' Second Mot. to Dismiss ("Mot."), ECF No. 91. Carrick filed an opposition to this motion, which he entitled "Reply to County's Second Motion to Dismiss." *See* Pl.'s Reply to Mot. to Dismiss ("Opp'n"), ECF No. 94. Defendants filed a reply to Carrick's opposition. *See* Reply to Pl.'s Opp'n ("Reply"), ECF No. 95.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(6)

---

[2] On the same day that Carrick filed his SAC, Carrick also filed two exhibits. *See* ECF No. 90. While a Court generally may not take into account material beyond the complaint for the purpose of ruling on a Motion to Dismiss, *see, e.g.*, *Intri–Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007), under the "incorporation by reference" doctrine, a district court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading," *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration in original) (internal quotation marks omitted). Here, County Defendants filed an objection to these exhibits on the basis that these exhibits are "not properly filed, not timely, not properly substantiated, and not relevant." Mot. at 6. As the Court does not find these exhibits to be crucial to the analysis of the issues presented by this Motion to Dismiss, the Court SUSTAINS Defendants' objection and does not consider these exhibits.

[3] Defendants contend that the only relevant changes to Carrick's SAC can be found in paragraphs 49 and 73. *See* Mot. at 5.

1    Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, pro se pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[I]n general, courts must construe pro se pleadings liberally.").

Nonetheless, the Court "need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted). Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his [constitutional] claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

**B.     Leave to Amend**

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks, citations, and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Only two of the claims in Carrick's 42 U.S.C. § 1983 cause of action survived the Court's November 30, 2012 Order: (1) Carrick's claim for monetary damages pursuant to 42 U.S.C. § 1983 for civil rights violations committed by the County and County Counsel in seeking the Superior Court Contempt Order; and (2) Carrick's 42 U.S.C. § 1983 claim that the County Recorder did not properly record a notice of pendency for an action to enforce the judgment liens against Plaintiff's property. *See* Nov. 30, 2012 Order at 18.

In his SAC, Carrick alleges no facts that further substantiate the second claim. *Compare* SAC ¶ 49, *with* FAC ¶ 49. As the Court noted in its November 30, 2012 Order, pursuant to California Civil Code § 8461, a notice of pendency must be recorded within twenty days "[a]fter commencement of an action to enforce a lien." Cal. Civ. Code § 8461. In addition, pursuant to California Civil Code § 8460, an action to enforce a lien must "commence within 90 days after recordation of the claim of lien," otherwise the lien becomes unenforceable. Cal. Civ. Code

§ 8460(a). Thus, if the County wishes to enforce a lien, it has up to 110 days, or nearly four months, to record a notice of pendency after recording the lien. *See* Nov. 30, 2012 Order at 16-17.

Here, Carrick states only that the County has not tried to enforce either the first or the second lien. *See* SAC ¶ 49. Moreover, more than four months have passed since the liens were recorded. Therefore, Carrick claims that the liens are unenforceable. *See* SAC ¶ 49 (alleging that the first involuntary lien was recorded on April 27, 2012, and the second involuntary lien was recorded on July 11, 2012). As such, Carrick states that "[n]o further Claims exists [*sic*] yet." *Id*.

In light of Carrick's own statement that the liens are neither enforceable nor ripe for adjudication, the Court does not find that Carrick has alleged a viable claim that the failure to record a notice of pendency violated his civil rights. Accordingly, the Court DISMISSES Carrick's 42 U.S.C. § 1983 claim regarding the notice of pendency that was allegedly recorded improperly.[4] As the Court already afforded Carrick an opportunity to cure this claim's deficiencies, which Carrick failed to do, and further amendment appears futile, the Court dismisses this claim without leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

Thus, the only claim pending before this Court is Carrick's claim for monetary damages under 42 U.S.C. § 1983 for civil rights violations arising from the Superior Court's Contempt Order. Carrick's SAC and Opposition appear to have alleged four civil rights violations. Two of these violations relate directly to the contempt proceeding. Carrick alleges that: (1) he was charged with criminal contempt when he should have been charged with civil contempt; and (2) there was no evidence supporting either a civil or criminal contempt charge. *See* SAC ¶ 49. Though not explicitly stated in Carrick's SAC, the Court construes these two claims as alleging due process violations during the Superior Court's contempt proceeding. Carrick further alleges that the sentence imposed in the Superior Court's Contempt Order amounts to "cruel and unusual punishment." *See* Opp'n at 2, 8. Finally, in his Opposition, Carrick alleges that he was deprived of

---

[4] The Court also notes that Carrick has amended his complaint by adding new language in paragraph 73 of the SAC. *See* SAC ¶ 73. However, this language merely expounds upon a claim Carrick raised in his FAC that his property is subject to land patent protections. *See* SAC ¶ 73; FAC ¶¶ 126-131. In the Court's November 30, 2012 Order, Carrick was granted leave to amend only his Section 1983 claims. Nov. 30, 2012 Order at 18. He was not granted leave to amend his claim for land patent protections. *Id.* Accordingly, this amended language does not raise any new legal arguments or present additional facts regarding his surviving claims.

8
Case No.: 12-CV-03852-LHK
ORDER GRANTING SECOND MOTION TO DISMISS WITHOUT LEAVE TO AMEND

his right to a jury trial during the state court proceeding. *See* Opp'n at 4. The Court will address each of these four allegations below.

### A. Due Process Violations

"The analysis of what process was due [during a contempt proceeding] turns upon whether the contempt was criminal or civil in nature." *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999). "Criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 826 (1994) (citing *Hicks v. Feiock*, 485 U.S. 624, 632 (1988); *Bloom v. Illinois*, 391 U.S. 194, 201 (1968)) (internal quotation marks and citations omitted). "In contrast, civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Id.* at 827.

#### 1. Carrick was held in civil contempt

Carrick first alleges that he was wrongfully charged with criminal rather than civil contempt because he was charged with "life imprisonment" and the standard of proof applied by the Superior Court was "clear and concise." *See* SAC ¶ 49. Specifically, Carrick alleges as follows:

> The Santa Cruz County Counsel asked for life imprisonment of Plaintiff until he obtained building permits for appurtenances built on his three lots emanating from Land Patent 4889. Life imprisonment is unreasonable for civil contempt and is therefore intended as a punishment. The County Counsel is therefore demanding the Plaintiff be charged with criminal contempt. This is also the understanding of Judge Volkman since he specified that the standard of proof be *clear and concise*. Substantial Evidence is the standard of proof for most civil actions.

SAC ¶ 49 (emphasis added). As a result, Carrick argues that, "since the legality of the civil portion of the case was determined only to [a] substantial evidence standard . . . the entire case must be re-tried with the clear and concise standard of evidence" in order for the "charge of criminal contempt to stand up." *Id.* The Court disagrees.

At the outset, the Court finds that Carrick's contempt proceeding was not rendered criminal simply because of the standard of proof applied. The Court notes that, in a civil contempt proceeding, "[t]he party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by '*clear and convincing evidence*[.]" *Ayres*, 166 F.3d at 994 (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (emphasis added). "The standard appears to be higher than the preponderance of the evidence standard, applicable to most civil cases, but lower than the beyond a reasonable doubt standard, applicable to criminal contempt proceedings." *Battaglia v. United States*, 653 F.2d 419, 422 (9th Cir. 1981). Thus, the fact that a "clear and convincing evidence" standard—or what Carrick describes as a "clear and concise standard"—may have been applied to Carrick's contempt proceeding does not render his proceeding criminal in nature. Rather, requiring Carrick's civil contempt to be proved by "clear and convincing" evidence falls squarely within "well-settled law." *Vertex Distributing, Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982). On the other hand, the proceedings preceding Carrick's civil contempt proceeding were correctly determined by a lower standard of proof.

The Court does, however, note that the civil versus criminal distinction is complicated slightly by the fact that the Superior Court found Carrick in contempt "beyond a reasonable doubt." *See* RJN, Ex. K, at 3 ("The County has carried its burden and has shown, *beyond a reasonable doubt*, that Defendant Carrick is guilty of contempt in that he continues to maintain illegal structures on the subject property and grading violations, in willful disobedience of the Amended Judgment.") (emphasis added). Nevertheless, the Superior Court's use of the "beyond a reasonable doubt" standard does not alone transform Carrick's contempt proceeding from civil to criminal.

"[W]hether a contempt is civil or criminal turns on the 'character and purpose' of the sanction involved." *Bagwell*, 512 U.S. at 827 (citing *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911)). "[A] contempt sanction is considered civil if it is remedial, and for the benefit of the complainant" and criminal if it is "punitive, [and] to vindicate the authority of the court." *Id.* at 827-828 (internal quotation marks and citation omitted). "When a State's proceedings are involved, state law provides strong guidance about whether or not the State is

exercising its authority 'in a nonpunitive, noncriminal manner.'" *Hicks*, 485 U.S. at 631 (quoting *Allen v. Illinois*, 478 U.S. 364, 368-69 (1986)). However, "the stated purpose of a contempt sanction alone cannot be determinative," *Bagwell*, 512 U.S. at 828, because "both civil and criminal relief have aspects that can be seen as either remedial or punitive or both," *Hicks*, 485 U.S. at 635. Thus, "conclusions about the civil or criminal nature of a contempt sanction are properly drawn, not from 'the subjective intent of a State's laws and its courts,' but 'from an examination of the character of the relief.'" *Bagwell*, 512 U.S. at 828 (quoting *Hicks*, 485 U.S. at 636).

As the Supreme Court recognized in *International Union, United Mineworkers of America v. Bagwell*, "[t]he paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command such as an order 'to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance." 512 U.S. at 828. Here, the Santa Cruz County Counsel requested, and the Superior Court ordered, that Carrick be imprisoned until he complied with the Superior Court's Judgment by "submit[ting] the necessary applications to correct the cited violations." RJN, Ex. K, at 3. The penalty of imprisonment was conditional, and Carrick "carr[ied] the keys of [his] prison in [his] own pocket."[5] *Hicks*, 485 U.S. at 633 (internal quotation marks and citation omitted); *see also id*. ("A conditional penalty . . . is civil because it is specifically designed to compel the doing of some act.").

Given the conditional nature of the state court remedy, the Court finds that the sanction imposed was intended to be coercive rather than punitive. *See United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947) (identifying the purpose of judicial sanctions in civil contempt proceedings as "to coerce the defendant into compliance with the court's order"). Even Carrick states that Counsel for Santa Cruz County, Tamyra Rice, described his imprisonment as "giving [him] time to consider." Opp'n at 8. Thus, the sanction imposed on Carrick is precisely

---

[5] Carrick alleges that he could not comply with the Superior Court's Order if imprisoned. *See* Opp'n at 2. However, Carrick has not identified, and the Court is not aware of, any reason why Carrick could not submit certain applications to the county Planning Department if imprisoned. *See* RJN, Ex. K.

11
Case No.: 12-CV-03852-LHK
ORDER GRANTING SECOND MOTION TO DISMISS WITHOUT LEAVE TO AMEND

the type of "paradigmatic" civil contempt sanction discussed by the Supreme Court in *Bagwell*. *Bagwell*, 512 U.S. at 828.

Accordingly, the Court finds that the contempt sanction imposed on Carrick was coercive and nonpunitive, and therefore civil in nature. *See id.* at 827; *see also Morelli v. Superior Court*, 1 Cal. 3d 328 (1969) ("When the contempt consists in the omission to perform an act which is still within the person's power to perform, the court may, in the alternative, punish him for a *civil contempt* and order him imprisoned until he has performed the act.") (citing Cal. Code Civ. Proc. § 1219) (emphasis added). Thus, Carrick fails to state a plausible 42 U.S.C. § 1983 cause of action based on his allegation that his civil rights were violated for being charged with criminal rather than civil contempt. Carrick is not entitled to a retrial of his entire case on this basis.

### 2. Under the *Rooker-Feldman* doctrine, the Court may not review the Superior Court's evidentiary determinations with regards to Carrick's contempt charge

Second, Carrick alleges that "there [was] no evidence either to support civil contempt or criminal contempt charges . . . ." SAC ¶ 49. Carrick claims that holding him in contempt, without evidence, deprived him of his right to due process in violation of 42 U.S.C. § 1983. *See id.*

As the Court recognized in its November 30, 2012 Order, under the *Rooker-Feldman* doctrine, a federal court may not exercise its jurisdiction to review the decisions of state courts. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that state court determinations can be reviewed only in the United States Supreme Court). "The purpose of the doctrine is to protect state judgments from collateral federal attack." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Further, "the clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Henrichs v. Valley View Dev.*, 474 F.3d 609,

613 (9th Cir. 2007) (internal quotation marks and citation omitted). This is precisely such a case. Carrick was held in contempt by the Superior Court, and is now asking this Court to reject that decision as lacking evidentiary support. *See* SAC ¶ 49. However, for this Court to address whether or not the evidence presented to the Superior Court supported a contempt charge would require this Court to review the evidentiary determinations of a state court in violation of the *Rooker-Feldman* doctrine. As such, this Court does not have jurisdiction to evaluate Carrick's claim that there was no evidence to support his contempt charge.

Accordingly, the Court DISMISSES WITH PREJUDICE Carrick's claim for monetary damages under 42 U.S.C. § 1983.

### B. Cruel and Unusual Punishment[6]

Carrick also alleges that the Santa Cruz County Counsel's request that he be subjected to life imprisonment until he complied with the Contempt Order constituted cruel and unusual punishment in violation of the Eighth Amendment.[7] However, incarcerating a party for failure to comply with a court order is, for the reasons already discussed, generally viewed by courts as a coercive remedy and not a punishment for purposes of the Eighth Amendment. *See, e.g.*, *In re Farr*, 36 Cal. App. 3d 577, 583 (1974) ("[A]n order of commitment incarcerating a person until he complies with a valid order of court is coercive and not penal in nature . . . petitioner's commitment is neither punishment, cruel, nor unusual."). Indeed, in *Spallone v. United States*, 487 U.S. 1251 (1988), the Supreme Court stated that, "it appears settled that the Cruel and Unusual Punishments Clause does not apply to civil contempt sanctions. This is not surprising since the Cruel and Unusual Punishments Clause, like the Excessive Fines Clause, applies to punishments for past conduct, while civil contempt sanctions are designed to secure future compliance with

---

[6] Carrick's "Cruel and Unusual Punishment" claim was not raised in his FAC. While this Court's November 30, 2012 Order expressly forbid Carrick from adding any additional claims without either leave from the Court or a stipulation from Defendants, this claim is based on the sentence requested and imposed by the Superior Court's Contempt Order. Therefore, the Court believes that this claim is related to Carrick's Section 1983 claims, which survived the Court's previous order, and thus addresses it here.

[7] Although Carrick contends, in his Opposition, that the County Counsel's request for jailing him amounts to "cruel and unusual punishment per the 7th Amendment," the Court liberally construes Carrick's argument to apply to the 8th Amendment. *Compare* U.S. Const. amend. VII (providing for the right to trial by jury), *with* U.S. Const. amend. VIII (prohibiting the infliction of cruel and unusual punishment).

13

Case No.: 12-CV-03852-LHK
ORDER GRANTING SECOND MOTION TO DISMISS WITHOUT LEAVE TO AMEND

judicial decrees." *Id*. at 1257 (citing *Ingraham v. Wright,* 430 U.S. 651, 668 (1977)); *see also Uphaus v. Wyman*, 361 U.S. 72, 81 (1959) (sustaining a judgment of civil contempt against a claim that the judgment was cruel and unusual and, in so doing, citing with approval the dissenting opinion in *Green v. United States*, 356 U.S. 16, 1975 (1958) (dissenting opinion), which stated that, "'[c]onditional imprisonment for the purpose of compelling a person to obey a valid order . . . is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees.'").

Moreover, Carrick has failed to allege that he was actually imprisoned. In neither this complaint, nor the two prior complaints filed in connection with this action, has he alleged that he was forced to serve time in jail. Rather, Carrick complains that simply County Counsel's "request[]" that he be jailed constituted cruel and unusual punishment. *See* Opp'n at 8.

Accordingly, the Court finds that Carrick has failed to state a plausible claim for cruel and unusual punishment. *See Uphaus*, 360 U.S. at 82; *In re Farr*, 36 Cal. App. 3d at 583.

### C. Seventh Amendment Right to a Jury

Finally, in his Opposition, Carrick alleges that he was "robbed [of] the jury trial which [he] requested." Opp'n at 4. In support of this allegation, Carrick cites to the "County's Opposition to Motion for Bifurcation and Request to Strike the Demand for Jury Trial," which Carrick attached as Exhibit 2 to his Opposition. *See* Opp'n at Ex. 2, ECF No. 94-2. In this County Opposition—which the County filed in connection with their initial action in the Santa Cruz Superior Court against Carrick for correction of code violations and injunctive relief—the County argued that Carrick was not entitled to a jury trial because the case depended on the application of equitable principles. *See id*. at 3 (citing *C & K Engineering Contractors v. Amber Steel Co.*, 23 Cal. 3d 1, 8-9 (1978), for the proposition that, where an action "is essentially one in equity and the relief sought 'depends upon the application of equitable doctrines,' the parties are not entitled to a jury trial"). Thus, from Carrick's Opposition to the Motion to Dismiss, it appears that Carrick is alleging a violation of his Seventh Amendment right to a jury trial.

However, if, in fact, Carrick is alleging a violation of the Seventh Amendment, this is a new cause of action which was not raised in any of his prior complaints. Unlike Carrick's claim under

the Eighth Amendment, his Seventh Amendment claim does not appear to bear any relation to the Superior Court's contempt charge. Rather, it appears to be based on an earlier motion by the County requesting the Superior Court to strike Carrick's demand for jury trial.[8]

By this Court's November 30, 2012 Order, Carrick was granted leave to amend only his claims for relief under 42 U.S.C. § 1983. *See* Nov. 30, 2012 Order at 18. This Court expressly instructed that "Plaintiff may not add any new claims . . . without first obtaining leave from the Court or a stipulation from Defendants." *Id.* As Carrick has done neither of these, the Court determines that Carrick is barred from raising a claim for violation of the Seventh Amendment in this action.[9]

---

[8] Even if Carrick's statement could be very broadly construed to relate to his Section 1983 claim, it still would not suffice as the Supreme Court has held that, in civil contempt proceedings, "a jury trial . . . is [not] required." *Bagwell*, 512 U.S. at 827.

[9] In further support of his Section 1983 claim for monetary damages based on civil rights violations committed in seeking the Superior Court Contempt Order, Carrick states the following: "Deception to gain an end, irrespective of detrimental effects characterizes the County Counsel. Their fraudulent schemes have nothing to do with public service, but rather criminal organizations." SAC ¶ 49. Claims sounding in fraud or mistake are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy the heightened standard under Rule 9(b), the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam). The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharmaceutical Corp.*, 927 F. Supp. 1297, 1309 (C.D. Cal. 1996). Carrick's vague reference to "fraudulent schemes" does not satisfy these requirements. In addition, the Court finds that Carrick has failed to plead sufficient allegations regarding the County Counsel's alleged "fraudulent schemes" to allow the Court "to draw the reasonable inference that the [D]efendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, the Court also finds that Carrick's allegations regarding "fraudulent schemes" fail to satisfy the requirements of Federal Rule of Civil Procedure 8(a).

## IV. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss Carrick's Amended Complaint. Because Carrick has already had an opportunity to amend his claims, but has failed to do so adequately, the Court dismisses Carrick's Second Amended Complaint with prejudice. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotation marks and citation omitted). The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 16, 2013

_____
LUCY H. KOH
United States District Judge